IN THE MATTER OF THE ESTATE OF WILLIAM BEDFORD, DECEASED. JAMES A. POOL, ADMINISTRATOR, ETC., APPELLANT.

*Surrogate — report of a referee upon the accounting of an administrator — exceptions thereto — duty of the surrogate to consider the same in detail.*

An administrator having applied for a judicial settlement of his accounts, certain objections thereto were filed by the widow and certain of the creditors and parties in interest. Thereupon the surrogate "ordered that said account and objections be referred to John E. Pound, as referee, to examine the same and to make report thereon to this court." The referee, after taking evidence and hearing objections, made a report passing upon the facts and the questions raised before him. To this report exceptions were taken and served. Upon a motion for the confirmation of the report, the surrogate refused to consider the exceptions taken to the referee's report and the question thereby raised, and confirmed the report.

*Held*, error.

That before passing upon the report in question he should have considered the rulings made by the referee, on the exceptions taken to the report, in detail.

*Quære*, whether it would have been the duty of the surrogate to do so had the order of reference conferred power upon the referee, "to hear and determine all questions arising upon the settlement of the accounts."

APPEAL by the administrator from a decree judicially settling the accounts of said administrator, entered October, 1882, by the surrogate of Niagara county, and from each and every part thereof, and from an intermediate order of September 25, 1882, confirming the report of John E. Pound, Esq., referee.

James A. Poole, administrator, filed his account with the surrogate and asked for citations and for a settlement. Certain creditors, heirs and the widow, filed objections thereto. Thereupon the surrogate ordered that said account and objections be referred to John E. Pound, Esq., as referee, "to examine the same and to make report thereon to this court."

The referee made a report, after taking evidence and hearing objections made by the parties. He made findings of fact upon evidence received, and as to the various questions arising on the hearing. Exceptions to the referee's report, both as to his findings of fact and law, were made and served. A motion was then made by the objectors upon said report and exceptions for the confirmation

of said report, and the motion was brought on before the surrogate. The counsel for the administrator requested the surrogate to rule upon the several objections and exceptions of said administrator to the admission and exclusion of evidence upon the hearing before said referee, and upon the several exceptions filed by said administrator to said report. The surrogate declined so to rule and said administrator duly excepted.

The surrogate then made an order confirming the said report, and also made the decree from which the appeal is taken.

*Volney Simpson, J. D. Gaskell* and *Levi F. Bowen*, for James A. Pool, administrator, appellant.

*A. K. Potter*, for creditors, respondents.

HARDIN, P. J. :

In terms the order of reference made by the surrogate was to examine the "accounts and objections, and to make report thereon to the surrogate."

Power to make such a reference is conferred upon the surrogate by section 2546 of the Code of Civil Procedure. The order did not in terms confer power upon the referee "to hear and determine all questions arising upon the settlement of such an account." As to all questions which the surrogate had power to determine, such a reference might have been authorized by the surrogate.

In such a case it would have been the duty of the referee to make report thereon, "subject, however, to confirmation by the surrogate," under the order of reference to "examine" and to report therein to the Surrogate's Court. The surrogate had the power, and it was his duty, to examine the evidence and the report thereof, and to consider the exceptions filed to the report, and to *determine* questions presented thereby for his review and consideration.

Such was the practice under the Revised Statutes in respect to reports made by a referee in cases of rejected claims referred under the statutes. Such was the practice in respect to proceedings had before an auditor. (*Boughton* v. *Flint*, 74 N. Y., 476.) When the surrogate refused to consider and rule upon "the several objections and exceptions," we think he fell into an error. He had control of the proceedings, and before passing upon the report in gross, should

have considered the rulings made by the referee, and the exceptions taken to his report in detail. (Code of Civil Pro., § 2546.) We need not consider what would have been the duty of the surrogate had the order in terms conferred power upon the referee " to hear and determine all questions arising upon the settlement " of the account.

Inasmuch as the surrogate has not passed upon the exceptions taken, and refused to do so, and an exception was taken to his refusal, we think the order made by him cannot stand. It should be reversed together with the decree based thereon, and the proceedings be remitted to the surrogate of Niagara county, with instruction to proceed to examine and rule upon the several exceptions presented to him by the parties. Costs of this appeal should be allowed to the appellant, payable out of the fund.

Order and decree reversed, and proceedings remitted to the surrogate with directions to proceed, costs to appellant payable out of the fund.

BARKER and DWIGHT, JJ., concurred.

Order and decree of the surrogate of Niagara county reversed, with costs to appellant, and proceedings remitted to surrogate, with instructions to proceed.