John N. Boughton, Executor, etc., et al., Respondents, *v.* Mary Flint, Executrix, etc., Appellant.

Upon a final accounting of an executor, the surrogate has jurisdiction to hear and determine a disputed claim of the executor against the estate.

*It seems,* that where the executor claims only the right to retain out of the assets of the estate a sum of money, as belonging or due to him, so far as the question of jurisdiction is concerned, it is immaterial whether such right depends upon legal or equitable principles.

M., upon her final accounting as executrix of her deceased husband, claimed the proceeds of certain notes, and a bond and mortgage, received by the testator on sale of real estate belonging to her, and which were paid to the testator in his lifetime. It appeared that the husband recognized the right of his wife to the fund, and offered to pay it to her, but assented to her request that he should keep it until she called for it. *Held,* that her claim was a legal, not an equitable one, and was within the jurisdiction of the surrogate to determine.

More than six years had elapsed from the time of the receipt of the money, by the testator, to the time of his death. *Held,* that in the absence of evidence that the money had been demanded of the testator, or that he had refused to pay it over, or laid any claim to it, hostile to that of his wife, the claim was not barred by the statute of limitations; that the transaction amounted to a simple deposit, upon which the statute would not begin to run until a demand or refusal to pay, or some equivalent act.

The testator by his will, after the payment of all of his debts, gave certain legacies out of the remainder, among them one of $1,000 to his wife, and also certain furniture and effects, the same to be received by her in lieu of dower. *Held,* that the bequests could not be deemed to be in satisfaction of her claim, as there was nothing in the case to justify an inference that such was the intention of the testator.

A legacy to a creditor is not to be deemed in satisfaction of his claim, unless so intended by the testator.

Also, *held,* that an application to re-open the case to let in extrinsic evidence, as to the intention of the testator, was to the discretion and favor of the surrogate, and a denial thereof was not reviewable, at least unless under very special circumstances.

*It seems,* that in the absence of evidence of an agreement to pay interest upon the deposit, none was chargeable thereon, at least during the lifetime of the testator.

But held that the estate was chargeable with the interest, as well as the principal, received by the testator.

When disputed accounts of an executor are referred to an auditor for examination, it is the duty of the auditor to pass upon the objections filed to the accounts, and no others.

If the objections filed are insufficient, the surrogate may allow further ·objections to be filed; but this is not within the power of an auditor.

If the contestants desire to present other objections, they should file them before the surrogate, and obtain an order referring them to the auditor.

The accounting party is not bound to establish payments for which he presents vouchers, unless denied by objections, and the burden of impeaching such payments is on the contestants.

If the rulings of an auditor are reviewable on appeal from a surrogate's decree (as to which *quære*), the questions must first be presented to the . surrogate, and his decision obtained thereon.

The mere noting of an exception in the minutes of the testimony taken before the auditor, is not the mode of bringing such question before the surrogate. A specific exception should be filed to the auditor's report that the ruling complained of was erroneous.

*Boughton* v. *Flint* (13 Hun, 206), reversed.

(Argued September 19, 1878; decided October 1, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a decree

of the surrogate of Erie county, upon the final accounting of Mary Flint, administratrix, and of John N. Boughton, executor of the will of David Flint, deceased. (Reported below, 13 Hun, 206.)

On the accounting before the surrogate, the said executrix presented a claim against the estate of the testator, in her own behalf, to the amount of $800 with interest from the 15th day of April, 1859, for moneys alleged to have been placed in the hands of the testator on deposit for the said respondent, who was the testator's wife. She also claimed to be credited in her account as executrix, with the sum of $1,756.60, alleged to have been paid by her in full of a promissory note of the testator held by Mary Brown, who, as appeared from the evidence, was the mother of Mrs. Flint. These claims were contested, but were allowed by the surrogate. The claim for the alleged deposit was heard before the surrogate. The claim for the alleged payment to Mrs. Brown, was referred by the surrogate to an auditor who reported in favor of the executrix, and his report was confirmed by the surrogate.

The further facts appear in the opinion.

*Spencer Clinton*, for appellant. The surrogate had jurisdiction to pass upon the disputed claim of the executrix. (3 R. S. [6th ed.], 96, §§ 43, 44; *Kyle* v. *Kyle*, 3 Hun, 458; 67 N. Y., 408; *Shakespeare* v. *Markham*, 10 Hun, 311; *Tucker* v. *Tucker*, 4 Keyes, 136; 2 R. S., 88, § 33.) The contesting of the account should be confined to the objections originally filed and those filed upon defects discovered during the accounting. (Dayton on Sur. [3d ed.], 511–512.) When the account has been referred to an auditor the contest should be confined to the exceptions filed to his report. (Dayton on Sur. [3d ed.], 517; *Van Vleck* v. *Burroughs*, 6 Barb., 341.) The statute of limitations did not apply to the claim of the executrix. (*Payne* v. *Gardiner*, 29 N. Y., 167; Story on Bailments, 107; *Beardsell* v. *Richardson*, 11 Wend., 25; *Downes* v. *Phœnix B'k*, 6 Hill, 297; *Phelps* v. *Bostwick*,

22 Barb., 314.) The legacy to the executrix did not operate as an extinguishment of her debt against the estate. (Willard on Exrs., 366; *Williams* v. *Crary*, 4 Wend., 443; *Clarke* v. *Bogardus*, 12 id., 67; *Eaton* v. *Benton*, 2 Hill, 576; *Fort* v. *Gooding*, 9 Barb., 371.)

*L. P. Perkins* and *Thomas Corlett*, for respondents. The defendant's claim was purely equitable and the surrogate had no jurisdiction to pass upon it. (*Bevan* v. *Cooper*, 6 N. Y. Wkly. Dig., 122; *Curtis* v. *Stillwell*, 32 Barb., 354; *Stillwell* v. *Carpenter*, 59 N. Y., 414.) Defendant's claim was barred by the statute of limitations. (*Levitt* v. *Palmer*, 3 N. Y., 34, 35; *B'k of Orleans* v. *Merrill*, 2 Hill, 295; *Ellis* v. *Mason*, 1 Eng. Jur. [1 Am. ed. H. & V.], 380; *Howland* v. *Edmonds*, 23 How., 153–155, 160; *Wenman* v. *Mohawk Ins. Co.*, 13 Wend., 268; *Newton* v. *Ellann*, 2 M. & W., 461; *Waters* v. *Thawet*, 5 Ad. & El. [N. S.], 757; Ang. on Lim., [6th ed.], chap. 11, §§ 95–109 and note; *Herrick* v. *Woolverton*, 41 N. Y., 581, 596, 597, 601; *Sands* v. *Campbell*, 31 id., 345–347; 39 Barb., 178; 50 id., 336; 39 id., 640; *Reynolds* v. *Collins*, 3 Hill, 36; 2 R. S., 89; *Scoville* v. *Scoville*, 45 Barb., 517; Laws 1868, chap. 594, § 1; McClellan's Sur., 220, 235, 236; *Benjamin* v. *DeGroot*, 1 Den., 151; *Herrick* v. *Woolverton*, 41 N. Y., 581, 601; *Kane* v. *Bloodgood*, 7 J. Ch., 90; *Rundle* v. *Alison*, 34 N. Y., 180; *McCrea* v. *Purmont*, 16 Wend., 475, 476; *Atwater* v. *Fowler*, 1 Edw. Ch., 423; 1 Barb., 508; 31 id., 445; 26 id., 361; 5 id., 412; 1 Brad., 5, 632; 36 Barb., 632; 42 id., 76; *Sands* v. *St. John*, 23 How., 140, 143; *Clark* v. *Ford*, 34 id., 480; *Murray* v. *Coster*, 20 John., 576–610; *Borst* v. *Corey*, 15 N. Y., 509; *Clark* v. *Ford*, 2 Keyes, 372, affirmed in 34 How., 380.) Defendant was not entitled to interest on her claim. (*Rensselaer Glass Factory* v. *Reid et al.*, 5 Cow., 587; *Spence* v. *Senator*, p. 611; *Jacobs* v. *Adams*, 1 Dall. [U. S.], 52, per McHearn, Ch. J.; *Purdy* v. *Phillips*, 11 N. Y., 406; Edwards on Bills and Notes [2d ed.], p. 712, 713, and note on 713; *Adams* v. *Fort Plain Bk.*, 36 N. Y.,

255–261; *Herrick* v. *Wolverton*, 41 N. Y., 596; *Bishop* v. *Truffler*, 1 Daly, 155; Smith's Mercantile Law, 526; 2 of Parson's on Notes and Bills, 393; *Carmon* v. *Baggs*, 1 McCord, 370; *Patrick* v. *Clay*, 4 Bibb. R. [Ky.], 246; *Bartlett* v. *Marshall*, 2 Bibb. R., 469.) As no contrary intent on the part of the testator appeared the legacy to defendant will be presumed to have been given in satisfaction of the debt to her. (Mathews on Presumptions, pp. 107, 108, and authorities; *Williams* v. *Crary*, 5 Cow., 368; S. C., 4 Wend., 444; *Clark* v. *Bogardus*, 12 id., 67; *Rose* v. *Rose*, 7 Barb., 174; *Sholl* v. *Sholl*, 5 id., 312; *Eaton* v. *Benton et al.*, 2 Hill, 576; *Stagg* v. *Beekman et als.*, 2 Edw. Ch. Rep., 89; *Clark* v. *Bogardus*, id., 387; *Cuthbert* v. *Peacock*, 2 Vern., 593; *Pole* v. *Lord Somers*, 6 Ves., 324; *Wallace* v. *Pomfort*, 11 id., 542; *Williams* v. *Crary*, 4 Wend., 444.) A surrogate outside of the power conferred by statute has an implied authority to open a decree which he had no power to make, or which was entered by default in consequence of a mistake or accident depriving the applicant of a hearing. (*Vandenburgh* v. *Calf*, 9 Paige, 128; *Pen* v. *Hastings*, 1 Barb. Ch., 452; *Harrison* v. *McMahon*, 1 Bradf., 283; *Sipperly* v. *Baucus*, 24 N. Y., 46; *Dobke* v. *McClain*, 41 Barb., 491; *Campbell* v. *Logan*, 2 Bradf., 90; *People* v. *Justice Chenango*, 1 Johns. Cases, 180; *Brick's Estate*, 15 Abb. Pr., 12; *People ex rel. Wright* v. *Coffin*, 14 N. Y. Sup. Ct. [7 Hun], 608; *Campbell* v. *Thatcher*, 54 Barb., 387; *Van Allen* v. *Hewins*, 12 N. Y. Sup. Ct. [5 Hun], 44; *Kerr* v. *Kerr*, 41 N. Y., 272; *Tilton* v. *Beecher*, 59 id., 176.)

RAPALLO, J. The General Term erred in holding that the surrogate had no jurisdiction to try and determine the disputed claims of the executrix against the estate. We have held in two recent cases that the statute (2 R. S., 88, § 33), confers that power. (*Kyle* v. *Kyle*, 67 N. Y., 400, 408; *Shakespeare* v. *Markham*, 72 id., 400.) On this question of jurisdiction the appellant makes the further point that the claim of the executrix for $800 held on deposit for her by the

testator, was one cognizable only in equity, and that, conceding that a surrogate has jurisdiction to decide upon disputed claims of an executrix, such jurisdiction extends only to such claims as are enforceable in courts of law, and not to such as require the interposition of a court of equity, a surrogate having none of the powers of a court of chancery.

If the claim of the executrix were to equitable relief of any kind, there would be force in this objection; but where she claims only the right to retain out of the assets of the estate a sum of money, as belonging or due to her, it can make little difference whether her right to it depends upon legal or equitable principles. In the present case however we do not think that any difficulty of this kind arises. The sum which she claimed was the proceeds of certain notes and a bond and mortgage, which had been taken for the purchase-money on a sale of real estate belonging to her. The bond and mortgage had been taken by the testator in his own name, but all the money secured by these different instruments had been collected by the testator in his lifetime and he recognized the right of his wife to the fund. After it had been received by him, the evidence shows that he offered to pay it over to her and she requested him to keep it for her until she should call for it, to which it appears he assented. On these facts, aside from the question of coverture, an indebtedness existed which could have been enforced at common law against the testator, in an action for money had and received. Had the notes and mortgage at the time of the testator's death remained uncollected, and standing in the name of the testator, and the wife had sought to have them transferred into her individual name, the question suggested by the respondents' point would have arisen; but as the case is now presented it does not arise.

In regard to this item of $800 the respondents further urge that it was barred by the statute of limitations. More than six years had elapsed from the time of the receipt of the money by the testator to the time of his death, but there was no evidence that the money had ever been demanded of

him, or that he had refused to pay it over, or laid any claim to it, hostile to that of his wife. We think that the transaction amounted to a simple deposit upon which the statute would not begin to run until a demand and refusal to pay, or some equivalent act. The money was not loaned to the testator at his request, but was being kept by him for his wife at her request, and he was not in default in not paying it over until she should demand it, as he was requested to keep it until then. (*Payne* v. *Gardiner*, 29 N. Y., 146, 167; *Downes* v. *Phœnix Bank*, 6 Hill, 297.) For the same reason he was not chargeable with interest thereon, without a special agreement.

The respondents further claim that the testator having in his will bequeathed to his wife the sum of $1,000, this bequest must be deemed to be in satisfaction of the debt which he owed her. There is nothing in the case to justify any inference that such was the intention of the testator. On the contrary, the terms of the will are that, after the payment of all his debts, he gives certain legacies out of the remainder of his estate, and among them a legacy of $1,000 and certain furniture and effects, to his wife, and these bequests are to. be received and accepted by her in lieu of dower. A legacy to a creditor is not to be deemed in satisfaction of his claim unless so intended by the testator. (*Williams* v. *Crary*, 4 Wend., 444.) A direction to pay all debts negatives such an intention. (*Fort* v. *Gooding*, 9 Barb., 371.) The point now taken does not appear to have been taken before the surrogate, or at General Term, unless it be in connection with the application to re-open the case to let in extrinsic proof on that subject. Such an application is to the discretion and favor of the surrogate and not reviewable unless under very special circumstances, if at all.

It is further objected that by the decree the surrogate has allowed to the executrix for the amount due on her claim of $800 and interest, the sum of $1,056.80. The claim of the executrix was for $800 with interest from 1859. There being no evidence of any agreement to pay interest on this

deposit, none was chargeable thereon, at all events during the life of the testator, in the absence of default on his part, and it is evident from the amount that such interest has not been allowed. The surrogate does not in his decree state how he arrives at the aggregate sum allowed, but on reference to the evidence it is apparent that he intended to allow only the sums actually received by the testator for principal and interest on the notes and mortgage which he collected, and that he has not charged the testator or the estate with interest on these sums. The appellant's land was sold in April, 1859, for $800: no money was paid down, but three notes of $100 each payable at one, two and three years, and a mortgage for $500 payable in annual installments of $100 each — beginning the fourth year and running in to the ninth, were given, and the whole was on interest. The sum allowed by the surrogate is within a trifle of the sum to which these installments, with the interest, amounted. The mortgage was finally satisfied June 29, 1864. The debtors testify that the satisfaction piece was given on the day the last payment was made. That all the payments were made to the testator and none of it went to the wife to their knowledge. The estate was clearly chargeable with the interest as well as the principal received by the testator. If the surrogate has made any error in the computation it is very trifling, and his attention should have been called to it.

All the objections taken to the $800 item have been disposed of. The only other point in this case relates to an item of $1,756.60 charged by the executrix in her account, for a payment to Mary Brown upon a note given her by the testator for $1,500 and interest, for money lent by her to him. To this item the contestants filed an objection that the item of $1,300 and interest allowed to Mary Brown was incorrect and should be $984 with interest from February 1, 1872, and that there had been paid to Mary Brown on the principal of her original claim of $1,500 and interest, the sum of $516 and all the interest to February 1, 1872.

The account of the executrix thus objected to was referred

by the surrogate to an auditor for examination. The executrix on the hearing before the auditor produced the paid note which was made by the testator for $1,500, dated February 24, 1868, payable one year from date to Mary Brown or bearer with interest. Payments were indorsed thereon amounting in the aggregate to $516. The contestants then introduced evidence for the purpose of proving that Mary Brown who was the mother of the executrix lived in the testator's family from about the date of the note to the date of his death, which occurred January 20, 1872, and that it was agreed that the interest on this note should be paid by her board. This was controverted and evidence was introduced on the part of the executrix for the purpose of showing that the board had been settled and paid. On this conflicting evidence the auditor reported that the whole amount of the note with interest, less the payments indorsed, was due to Mary Brown by the testator at the time of his death and that the charge in the accounts of the executrix on account of said note was correct. The contestants excepted to this report but it was confirmed by the surrogate.

We see no reason for interfering with the findings of fact, but a point is specially made as to one of the rulings of the auditor on the hearing before him. The contestants on the cross-examination of the executrix asked her whether she had in fact paid to Mrs. Brown the amount charged in her account, also whether she had paid more than $984 with interest from February, 1872. These questions were excluded, by the auditor.

Assuming for the moment that rulings of an auditor are reviewable on appeal from a surrogate's decree, it is quite clear that the questions must first be presented to the surrogate and his decision obtained thereon. In this case the question now raised does not appear to have been presented to or passed upon by the surrogate. The auditor's report was excepted to but the only grounds of exception specified were that he should have found that all the interest on the $1,500 note had been paid, in addition to the payments

indorsed and that there was due on the 1st of February, 1872, only $984. That he should have found that the item of $1,756.60 in the executrix's account should have been $984, and interest from February 1, 1872, and that he omitted to find that Mary Brown was indebted to the estate for her board, etc. There is no exception filed on the ground that the auditor refused to hear material testimony. The mere noting of an exception in the minutes of the testimony is not I apprehend the mode of bringing such questions before the surrogate. Exceptions should be filed to the auditor's report. (Dayton on Surrogates [3d ed.], 517.)

But passing these considerations it does not appear to us that there was any error in the ruling of the auditor. His duty was to pass upon the objections, filed, to the accounts, and no others. If others were to be introduced the contestants should have filed them before the surrogate and obtained an order referring them to the auditor. The objections which were filed did not raise the question whether the executrix had paid the sum charged in her account. That payment was verified by her affidavit, corroborated by the production of the paid note as a voucher, on the face of which there was due the sum charged in the account. The objection filed was that she had allowed the debt for more than was actually due, not that she had not paid the sum allowed. It says in substance that the item allowed is incorrect and should be $984 with interest because there had been paid to Mary Brown all the interest and $516 on account of principal. This objection does not put in issue the fact of payment by the executrix, nor her right to credit for the sum charged by her as paid, provided it was actually due to Mary Brown on the note. The accounting party is not bound to establish payments for which she presents vouchers unless they are denied by objections, and the burden of impeaching such payments is on the contestants. If the objections filed are insufficient the surrogate may allow further objections to be filed from time to time, but this is not within the power of an auditor.

We think the proper course, if the contestants deemed the question important, was to apply to the surrogate for leave to amend or add to the objections, or for directions to the auditor to take the proofs offered, and not by appeal to the Supreme Court to review the rulings of the auditor. The auditor does not decide as a court, but is employed simply to aid the surrogate, and is subject to his directions. The auditor's report amounts to nothing until confirmed by the surrogate. (2 R. S., 94, § 64.) The decisions of the surrogate only, are reviewable on appeal.

We think the evidence warranted the conclusions of the surrogate and that there is no error in his decree. The order of the General Term should be reversed, and decree of the surrogate affirmed. The appellants costs to be paid out of the estate.

All concur, except MILLER and EARL, JJ., absent.

Order reversed and judgment accordingly.