IN THE MATTER OF THE PETITION OF SARAH KERWIN, IN BEHALF OF WILLIAM KERWIN AND OTHERS, INFANTS, TO COMPEL AN ACCOUNTING OF CORNELIUS KERWIN, GUARDIAN OF SUCH INFANTS.

*Guardian and ward — upon an application for the payment of the board of infants, contested by the guardian, a surrogate has jurisdiction to act — Code of Civil Procedure, secs. 2846, 2472, sub. 7.*

Under section 2846 of the Code of Civil Procedure, authorizing a surrogate to make an order directing the application by the guardian of the property of an infant, for its support and education, in such amount as to the surrogate seems proper, out of the income of the property or, where that is inadequate, out of the principal, and under subdivision 7 of section 2472 of said Code, giving a surrogate power to direct and control the conduct of guardians and to settle their accounts, the surrogate is not ousted of jurisdiction to direct payment of a claim, made for an infant's board, by the fact that the guardian contests such claim.

The rule, obtaining in certain accountings by executors and administrators, under which a surrogate cannot pass upon a disputed claim, has no application to the case of a guardian.

APPEAL by Sarah Kerwin, petitioner, in behalf of William, Mary and Philip Kerwin, infants, from an order of the surrogate of Niagara county, entered in his office on the 5th day of December, 1890, dismissing said petition solely because of the want of jurisdiction either in said surrogate, or in his court, to hear, try and determine the issue raised in said proceeding.

*W. W. Storrs,* for the petitioner, appellant.

*Wheadon & Ryan,* for the respondent, Cornelius Kerwin, guardian.

MACOMBER, J. :

The petition of Sarah Kerwin, which was duly verified and filed with the surrogate, alleged that on December 11, 1888, the respondent, Joseph F. Butler, was appointed by the surrogate of Niagara county general guardian of the person of William Kerwin, an infant, then ten years of age; of Mary Kerwin, an infant of eight years of age, and Philip Kerwin an infant of five years of age; and the respondent, Cornelius Kerwin, was duly appointed by such

surrogate the guardian of the property of such infants; that the respondents, respectively, qualified as such guardians and entered upon the discharge of their duties. These infants are shown to be the children of the petitioner's late husband by a former wife, such husband dying on the 30th day of September, 1888.

It is further alleged that on December 19, 1888, an agreement was made between Joseph F. Butler, the guardian of the person of the infants and the petitioner, that the petitioner should take care of and board and clothe the infants at her home for one year at the rate of one dollar and fifty cents per week for each child, which sum the said Butler, as guardian aforesaid, agreed to pay to the petitioner; that the petitioner fulfilled, on her part, and continued to provide for the children until December 19, 1889; that the guardian of the person gave the petitioner an order in writing upon the guardian of the property of the infants for the payment of $234, the amount so agreed upon, and that shortly thereafter the petitioner presented such order to the guardian of the property for payment, but the latter failed and refused to pay the same, or any part thereof. It is alleged that this contract for compensation for the care and maintenance of the infants was reasonable and just.

It is further shown by the petition that the respondent, Cornelius Kerwin, had sufficient means in his possession and control to pay to the petitioner the amount so agreed upon between the guardian of the person of the infants and the petitioner; that the guardian of the person, Mr. Butler, has been requested by the petitioner to apply to the surrogate for such sum and for an order requiring payment thereof, but he has refused to do so; that no question was made by him that the sum of money so claimed by the petitioner was justly due her for such support, care and services.

The prayer of the petitioner was that an order might be made directing such payment. Upon filing such petition an order was made and citation issued, in due form of law, requiring the guardians of the person and of the property to appear at the time named and show cause why the prayer of the petitioner should not be granted. Upon the return day, or prior thereto, Cornelius Kerwin, guardian of the property, filed his answer to such petition, in which all the material portions thereof were substantially admitted to be true. Such answer specifically admitted that such guardian

had money of the infants to the amount of more than $234, and that he refused to apply the same for their support; that the infants resided with their stepmother, as stated in the petition, and concluded as follows: "But said Cornelius Kerwin denies that he has knowledge or information sufficient to form a belief as to the truth of each and every other allegation in said petition contained."

The second answer denied the authority of the guardian of the person to enter into the contract with the plaintiff. The third defense was that the petitioner was appointed by the surrogate of the county as administratrix of Michael Kerwin's estate, the latter being the father of the infants; that she filed an inventory containing, among other things, a list of the articles which were set apart for the use of herself, as widow, and for the said children, pursuant to law, of the value of $275, not including personal apparel, etc.; that the petitioner has had full possession of the property since that time; that the petitioner elected to care for the infants and furnish them with care, board and clothing; that by so doing she is estopped to controvert the same or. to claim or make any charge whatever, in any form, for such care, board or clothes as she alleges that she has furnished. The fourth defense was what is termed a counter-claim, but is of no particular importance, so far as the legal questions presented by this appeal are involved. The guardian of the person of the infants made no answer to the petition.

The surrogate, on the filing of this answer, dismissed the proceedings on the ground that he had no jurisdiction to grant the prayer of the petition. No opinion was written by him, but it is probable that such supposed want of jurisdiction is based upon the allegation that the claim here presented was a disputed claim, and that, consequently, the rule applicable to surrogates, of want of jurisdiction in preliminary accountings where the claim is disputed, would prevail. It is true that in certain proceedings under the statute (2 R. S.. 220, § 1) for special accountings of an executor, at the instance of the legatee, to enforce the payment of a legacy, the surrogate has only jurisdiction to decree payment where the legacy is undisputed. (*Riggs* v. *Cragg*, 89 N. Y., 479; see, also, *Hyland* v. *Baxter*, 98 id., 610.) But we are of the opinion that section 2846 of the Code of Civil Procedure was designed to give the surrogate

jurisdiction in cases where the facts are as disclosed by this petition and this answer. That section reads as follows: "Upon the petition of the general guardian of an infant's person or property; or of the infant; or of any relative or other person in his behalf; the surrogate, upon notice to such persons, if any, as he thinks proper to notify may make an order, directing the application, by the guardian of the infant's property, to the support and education of the infant, of such a sum as to the surrogate seems proper, out of the income of the infant's property; or, where the income is inadequate for that purpose, out of the principal."

By subdivision 7 of section 2472 of the Code of Civil Procedure the surrogate has power "to appoint and remove guardians for infants; to compel the payment and delivery by them of money or other property belonging to their wards; and, in the cases specially prescribed by law, to direct and control their conduct and settle their accounts. This jurisdiction must be exercised in the cases and in the manner prescribed by statute."

From these provisions it will be observed that there is no limitation of the power of the surrogate to direct the guardian of the property of an infant to make a suitable and proper application of the income or of the property itself to the support of the infant.

We know of no authority which restricts the jurisdiction of the surrogate to cases where the demand for the support is undisputed. Indeed, the very nature of the claim, as contemplated by section 2846 above quoted, implies that there may be a controversy or dispute over the application. It was the duty of the surrogate, in our judgment, in this particular instance, to examine into the petition and into those portions of the answer that were material to the petitioner's application, and to grant or refuse the petitioner's application upon the merits.

The order appealed from should be reversed, with costs to the appellant.

DWIGHT, P. J., and CORLETT, J., concurred.

The order or decree of the surrogate of Niagara county reversed, with costs, and the proceedings remitted with directions to proceed thereon.