---

(4 Misc. Rep. 366.)

### In re HASLEHURST'S ESTATE.

(Surrogate's Court, Rensselaer County. July, 1893.)

1. GUARDIAN AND WARD—SUPPORT OF WARD—JURISDICTION OF SURROGATE.
    Under Code Civil Proc. § 2846, which provides that the surrogate may direct the guardian of an infant's property to apply to the support and education of the infant such sum as to the surrogate seems proper out of the income, or, if the income is inadequate, out of the principal, the surrogate may allow a claim for past support of an infant, though it is disputed by the guardian.
2. SAME—ESTOPPEL TO ASSERT CLAIM.
    Where an administratrix makes a final settlement of her accounts, and pays over to the guardian of intestate's infant children the amount ascertained to be due, without claiming any deduction for past support by her of such children, she is not thereby estopped afterwards to assert such claim against the guardian.

Application by Annie E. Haslehurst for an order requiring William M. Peckham, as guardian of petitioner's infant children, to pay for the past support of such children. Reference ordered.

Nelson Davenport, for petitioner.
Henry W. Smith, for the guardian.

LANSING, S. Annie E. Haslehurst, the mother of Clara E. Haslehurst, an infant of the age of about 15 years, and Edwin G. Haslehurst, an infant of the age of about 9 years, makes application to the surrogate's court by petition that William M. Peckham, the general guardian of said infants, be required to repay her the sum of $1,080, which she alleges she has advanced for the necessary maintenance, care, and education of said infants since the death of their father, December, 1888. The petition shows that said infants have an estate of about $8,500,—$4,250 each,—and that she has received per year about the sum of $350, or $175 for the support of each infant, and that she has necessarily expended about $600 per year for their support for the past four years and three months. The general guardian filed an answer to the petition, admitting that the petitioner is their mother; that the ages of the children are as

stated; that they have been in her care and custody during the time mentioned; but alleges that no request has been made upon him for an additional amount for their support until the present application, and furthermore alleges that the said Annie E. Haslehurst is administratrix of the estate of Theodore Haslehurst, deceased, and as such has recently settled her account before the surrogate, and that under the decree of the surrogate there remained in her hands for distribution the sum of $1,472.54, which was adjudged to belong to said infants, one-half to each, which sum has been paid to him, and is in addition to the sum of $8,500, which he had previously received as such guardian for said infants, and that the income for said entire amount of principal will be about $4 per week for the future for each infant. The said guardian further alleges in his answer that the claim of said administratrix for the past maintenance of said infants is a disputed debt or claim, and that the surrogate has no authority or jurisdiction to hear and determine the same, or to make the allowance prayed for by said petition; and further alleges that the administratrix, having settled her accounts before the surrogate, and taken a decree adjudging that the sum of $1,472.54 is due said infants, without having deducted or sought to deduct the amount alleged to be due her for their past maintenance upon her said accounting, is estopped from thereafter insisting upon the existence of such claim. This application is made under section 2846 of the Code of Civil Procedure, which provides as follows:

"Upon the petition of the general guardian of an infant's person or property; or of the infant; or of any relative or other person in his behalf, the surrogate, upon notice to such persons, if any, as he thinks proper to notify, may make an order, directing the application, by the guardian of the infant's property, to the support and education of the infant, of such a sum as to the surrogate seems proper, out of the income of the infant's property; or where the income is inadequate for that purpose, out of the principal.."

It was conceded upon the hearing by the counsel for the guardian that there could be no question as to the surrogate's power under this section to provide the future support and education of the infants in a proper case out of the principal, but it was contended that such provision did not contemplate an allowance for the past support of the infants, which was in the nature of a debt, where the claim was disputed by the guardian. That it was not the purpose of the lawmakers, in framing this section, to override the prior statutes defining the jurisdiction of the surrogate, which have been repeatedly construed by the highest court of this state as holding that the surrogate had no jurisdiction to hear and determine disputed debts and claims against the estate of a decedent or an infant. Welch v. Gallagher, 2 Dem. Sur. 40, is an authority directly in point in support of the guardian's contention and his construction of section 2846. In that case the guardian of the persons of several infants made a contract with their stepmother (the father being dead) for a certain sum per week for the support of the infants, which amount the guardian of the estate (the infants having a separate guardian for their persons and estate) declined to

pay. It was held that the claim against the estate of the infants was a debt, and, being disputed, the surrogate had no jurisdiction to entertain the same. The learned author of Redfield's Law and Practice of the Surrogate's Court, in a note at the foot of page 804, fourth edition of that very excellent work, seems to adopt the views of Surrogate Sprung in the case cited, and to hold that section 2846 does not apply to the case of a debt incurred for past maintenance of an infant. See, also, In re Ogg, (Surr.) 4 N. Y. Supp. 341. There are undoubtedly a large number of cases, both in the surrogate's court and court of chancery, holding that where a trustee or guardian has encroached upon the capital of a trust fund of which his ward is entitled to the income, he may be reimbursed in a proper case upon the settlement of his accounts. In re Winsor, 5 Dem. Sur. 340; In re Bostwick, 4 Johns. Ch. 100; Harring v. Coles, 2 Bradf. Sur. 349; Voessing v. Voessing, 4 Redf. Sur. 360; Browne v. Bedford, 4 Dem. Sur. 304; Hyland v. Baxter, 98 N. Y. 610. But it is insisted with much force that there is a wide distinction in principle between this class of cases, where the surrogate, by reason of the jurisdiction expressly given him to settle the accounts of guardians, must necessarily take cognizance of expenditures made by them in the course of their guardianship, and the present case, where there has been a debt or something in its general nature, incurred by a person other than the guardian, for the support of infants, not only without the consent, but without the knowledge, of the general guardian, and which he refuses to allow. It is unquestioned that the court of chancery of this state always claimed and exercised the power to make a reasonable allowance for the past as well as the future support of minor children out of their property in the hands of their trustee. This question was carefully considered by the court of chancery in Re Bostwick, 4 Johns. Ch. 105, where it was held that the court had ample power in a proper case to make an allowance for past support of infants from the principal belonging to them. In that case application was made by the mother, and not by the general guardian; and by petition, and not on final accounting. The doctrine of that case as to power of court to allow for past maintenance was approved in the court of appeals in the case of Beardsley v. Hotchkiss, 96 N. Y. 219; also in the case of Hyland v. Baxter, 98 N. Y. 610. While the surrogate's court is undoubtedly a court of limited jurisdiction, yet it has jurisdiction to determine questions, either legal or equitable, which arise in the course of proceedings instituted in pursuance of the power expressly conferred, and which are necessary to be decided therein. Boughton v. Flint, 74 N. Y. 476; Riggs v. Cragg, 89 N. Y. 480. The power expressly conferred upon the court by statute carries with it by implication such incidental powers as are requisite to the complete execution of the powers expressly granted. Sipperly v. Baucus, 24 N. Y. 46; Hyland v. Baxter, 98 N. Y. 610. See, also, Code, § 2481, subd. 11. It is undoubtedly well settled that in general the surrogate has no power to hear and determine the validity of a disputed claim, (McNulty v. Hurd, 72 N. Y. 518; Tucker v. Tucker, 43 N. Y. 136,) and the mode of determining such

claims against an estate is especially prescribed in 2 Rev. St. 88, 89, which proceeds upon special grounds which are not necessary to be stated here, (Hyland v. Baxter, 98 N. Y. 610; Stillwell v. Carpenter, 59 N. Y. 414.) But it seems to us that the claim for past support of infants is not in a strict legal sense a debt, and does not fall within that class. A claim for past support of infants contains other elements than that of an ordinary debt. Such claim will not be allowed where the parent who has furnished the support has sufficient ability to take care of the child himself; nor will the principal in any case be encroached upon where the income is sufficient; and it is only in cases where the income of the fund is small, and more means are absolutely necessary for the mainte- nance and education of the ward, that an allowance will be made. In re Wandell, 32 Hun, 545. We think, therefore, that such de- mand, depending for its allowance upon such a variety of circum- stances, is not, although disputed, strictly a debt or disputed claim, and so, necessarily, without the jurisdiction of the surrogate.

But whatever doubt there may have been as to the power of the surrogate to make an allowance in a case like the present before the adoption of section 2846 of the Code, we are satisfied that since the power has been expressly conferred upon the surrogate by that section to make an allowance for the maintenance of infants, the power conferred draws with it the incidental power necessary to the determination of the whole question, which necessarily includes past as well as future support, for we cannot believe that the legis- lature intended to devolve upon the surrogate the right to de- termine the question of future maintenance of infants, and at the same time compel the parent or person interested to apply to a court of equity to determine the question of past maintenance. We are not without authority in support of this construction of this section. In Re Kerwin, 59 Hun, 589, 14 N. Y. Supp. 353, a case to which our attention has been called since we entered upon our ex- amination of this matter, the construction of section 2846 came be- fore the supreme court in a matter involving a controversy some- what similar to the present one, and the court there say:

"We know of no authority which restricts the jurisdiction of the surrogate to cases where the demand for the support is undisputed. Indeed, the very nature of the claim, as contemplated by section 2846, implies that there may be a controversy or dispute over the application."

We therefore hold that the surrogate has jurisdiction to hear and determine a claim for an allowance for maintenance of an infant, past or future, not only upon the final settlement of the accounts of the guardian, but at any time prior thereto, upon the petition of the guardian or of any person, in behalf of infants, whether the ap- plication is approved or disputed by the guardian.

The remaining question is whether the petitioner, Annie E. Hasle- hurst, is concluded upon this application by her failure to present her claim herein upon the judicial settlement of her account as ad- ministratrix of the estate of her deceased husband, and there claim an allowance of the same in reduction of the distributive shares be- longing to said infants in said estate. The case of Hyland v. Baxter,

98 N. Y. 610, is an authority holding that as an incident to the power of the surrogate to settle the accounts of administrators, and decree distribution among the next of kin, the petitioner might have had determined, upon settlement of her accounts, the claim for an allowance for past support of said infants. The court says:

"It is true that an administrator, in making advances, acts without authority, and at his peril; but this is true in every case where a parent, or one in loco parentis, or a trustee or guardian, makes advances not previously sanctioned by the court, or by the instrument creating the trust, and comes to the court for relief. The fact that the question is an equitable one, and depends upon equitable principles, is not a ground of objection to the jurisdiction."

Let it be assumed, then, that the surrogate might have determined this question had it been presented upon the judicial settlement of her accounts. Does it necessarily follow that the petitioner is precluded from making the present application by petition for the same allowance which she might have demanded upon the settlement of her accounts? We think not. We know of no authority holding that a parent or other person holding a proper demand for past maintenance of an infant, who happens to be at the same time trustee or administrator of an estate in which the infant is interested, is required to present the demand on the judicial settlement of his accounts, and there claim a reduction from the distributive share or legacy to which the infant is entitled, or, failing, be subjected to the loss of his claim against the estate of said infant. The contention of the general guardian that the petitioner is estopped from maintaining this proceeding must find its support, if any, in the general rule of pleading that, where a party has had an opportunity in a judicial proceeding to avail himself of a defense involving the merits of an issue, and has failed to use it, such defense, however meritorious, is in general lost. This rule, however, does not apply to those matters available by way of defense for which an independent suit might be brought, such as set-off or counterclaim. The claim for past maintenance in this matter does not involve the right of the infants to recover their distributive shares. Its sole effect, if allowed, would be by way of credit, and it would operate by way of set-off or counterclaim in favor of the administratrix. In analogy, therefore, to the general rule of practice and pleading, a failure to insist upon her claim by way of set-off, which the administratrix might have had allowed upon her accounting, will not preclude her from her independent remedy which the statute has provided for the enforcement of her claim by petition. Indeed, the rule is general that, where there were two independent concurrent remedies provided by law, even the employment of one without securing relief will not prevent a party from pursuing the other; much less will the failure to use one militate against his right to use the other in a proper case. Hurlbut v. Durant, 12 N. Y. Wkly. Dig. 477; Manning v. Keenan, 73 N. Y. 51. It is only where the remedies are alternative and inconsistent that the employment of one constitutes an election, and the party is thereby estopped from thereafter employing the other.

Foundry Co. v. Hersee, 33 Hun, 169.   Having reached the conclusion that the surrogate has jurisdiction in this matter, and that the petitioner is not estopped by her failure to have her claim adjusted upon the judicial settlement of her accounts from maintaining this application, I will overrule the preliminary objections of the general guardian.   But, as the guardian's answer also denies the necessity and propriety of making an allowance for past maintenance of said infants, and so presents an issue upon the merits, I will order a reference to take all the evidence that may be offered by either party, upon a day to be named by me, which evidence may be returned to me, together with the opinion of the referee thereon.