Under Code Civ. Proc. § 2804, providing that one entitled under a will to the payment of money by the testamentary trustee may present to the surrogate a petition praying for a decree directing payment, the surrogate will, on the application of the general guardian, order such trustee, where he is directed by the will to apply the income of a trust estate to the support of the minor, to apply from such income a stated amount per week to such purpose.

2. SAME—PAST MAINTENANCE.

Code Civ. Proc. § 2746, authorizing the surrogate to direct the general guardian to expend such portion of an infant's share in an estate as may be necessary, does not apply to a proceeding brought by a general guardian against testamentary trustees, and these cannot be compelled to make compensation for past maintenance of the ward.

Proceedings in the matter of the estate of Peter Scherrer, deceased, by a general guardian of an infant to be reimbursed by the testamentary trustees for past maintenance of the ward. Denied.

James Nixon, for petitioner.
C. J. G. Hall, for executors.

ARNOLD, S.    The respondents, who are testamentary trustees, are directed by the will of the decedent to apply the income of the trust estate created for the benefit of the minor, Philip Scherrer, or so much of the principal as they may consider proper, to the support, maintenance, and education of such infant during his minority.    They have now in their hands a considerable sum, derived from such income, but, although requested, have not made any application thereof to the infant's benefit.    No order can be made transferring such income to the general guardian of the infant for application by her, as that duty devolves upon the trustees; but, under the provisions of sections 2804 and 2805 of the Code of Civil Procedure, I think a direction can and should be made, under the circumstances of this case, for the application from the income by the trustees to the support, maintenance, and education of the minor to the extent of $10 per week, dating from May 28, 1898, until the further order of the court.    The application of the guardian to be reimbursed by the trustees for past maintenance of the infant cannot be granted in this proceeding.    There are cases, like In re Kerwin, 59 Hun, 589, 14 N. Y. Supp. 353, and In re Haslehurst's Estate, 4 Misc. Rep. 366, 25 N. Y. Supp. 827, in which it was held that general guardians could be compelled by the surrogate to make compensation to parties for past maintenance of the ward; but the decisions therein were based upon the provisions of section 2746 of the Code of Civil Procedure, which has no application to the present proceeding, which is brought against testamentary trustees.    I know of no authority which authorizes me to direct the respondents to make such payment.    An order in accordance herewith may be submitted on notice of settlement.

Decreed accordingly.