1. INFANTS—CLAIMS AGAINST ESTATE—COSTS.
   In a proceeding under Code Civ. Proc. § 2846, to establish a claim against an infant and obtain payment from his estate, a special guardian was appointed to represent the infant, and a citation was served on the infant. and on the guardians of his person and estate.   No answer was filed, but the surrogate referred the claim to a referee, and on his report the petition was granted.   *Held*, that petitioner was entitled only to the costs and disbursements of an uncontested proceeding, as provided by section 2561.

2. SAME—CLAIM FOR PAST MAINTENANCE—ALLOWANCE.
   An allowance for an infant's past maintenance may be made on an application under Code Civ. Proc. § 2846, providing that, on application of any one in the infant's behalf, the surrogate may direct the guardian of the infant's property to apply to his support and education such sum as the surrogate deems proper out of the infant's income or principal.

In the matter of the estate of Joseph Bozeman Rylance, an infant, Nathan Bozeman petitioned for reimbursements for necessary expenditures made on the infant's behalf.   The matter was referred to a referee to take evidence.   On his report, a decree was rendered for petitioner.

Peckham, Warner & Strong, for petitioner.
Miller, Peckham & Dixon, for guardian.
John E. Ward, special guardian.

ARNOLD, S.   The order of reference in this case was made, under section 2546 of the Code of Civil Procedure, for the purpose of taking and reporting to the surrogate the evidence upon the facts stated

in the petition, which was for the payment of an alleged claim against the infant's estate. Citation was issued and served upon the infant, and also upon the guardians, respectively, of his person and estate, and a special guardian was, upon the application of the minor, appointed to represent him in the proceeding. No answer was filed by any of these parties; but, notwithstanding that fact, the burden was thrown upon the court of deciding whether the petitioner's claim was a proper one to be allowed. The guardian of the infant's estate could have paid the claim without the sanction of an order of the court allowing such payment, taking the risk of any objection which might be made upon its final accounting, but it very properly left it to the court to decide in advance of such accounting as to the propriety of its making such payment. The reference was for the purpose of taking testimony for the information of the court, and to give an opportunity to the infant and the guardians representing his interests to cross-examine the witnesses produced in support of the claim. There was, however, no "contest" in the sense in which that term is used in section 2561 of the Code, and therefore the petitioner cannot be allowed costs as of a contested proceeding, but is entitled only to $25 costs allowed by that section in cases where there has been no contest. Additional costs allowed by that section, where there has been a trial or hearing upon the merits occupying more than two days, has always been held here to apply only to contested cases. The additional allowance provided for by section 2562 of the Code is confined to an accounting party upon the judicial settlement of his account or on an intermediate accounting. This proceeding was not an accounting by the petitioner in any representative capacity, but was instituted by him under section 2846 of the Code, as an alleged creditor, for the purpose of establishing his claim and obtaining payment of the same from the infant's estate, upon which application it has frequently been held that allowance may be made for past maintenance of an infant. In re Kerwin, 59 Hun, 589, 14 N. Y. Supp. 353; In re Haslehurst, 4 Misc. Rep. 366, 25 N. Y. Supp. 827. The petitioner is entitled only to $25 costs and his disbursements. An allowance of $100 is made to the special guardian. The proposed decree is approved and signed.

Decreed accordingly.