ORANGE COUNTY—HON. GILBERT O. HULSE, SURROGATE.—NOVEMBER, 1871.

## MATTER OF ADAMS.

*In the matter of the Final Settlement of the Estate of* LEVI B. ADAMS, *deceased.*

The Surrogate has power to adjudicate upon all questions arising from acts committed by executors, administrators, or guardians who are subject to his jurisdiction.

He may, upon an accounting, compel the executor or administrator to account for property transferred to him by the decedent while living, in fraud of his creditors.

The decedent, in his lifetime, transferred a bond and mortgage to a third person, who transferred it to the decedent's wife, in fraud of his creditors, and died, leaving a will appointing her executrix with other executors. The bond and mortgage was not entered in the inventory, because he had parted with the title to it. *Held,* that on final settlement of the accounts, the Surrogate had power to compel the executrix to account for the value.

THE deceased, Levi B. Adams, in his lifetime was the owner of a bond and mortgage for $4,000, which, a short time before he died, was by him duly assigned to a third person, and by him transferred to the wife, now the widow of the deceased.

Upon the settlement of his estate, it appeared that at the time he transferred this bond and mortgage he was insolvent, and indebted to the creditors on the majority of them appearing in the Surrogate's Court.

The bond and mortgage was not inventoried, for

the reason that the deceased had parted with the title to the same in his lifetime.

It was admitted by the widow that there was no more than a partial consideration for the transfer, and no consideration moved from the third party, the object of the deceased being to transfer this bond and mortgage to his wife.

The creditors of the deceased now claimed that the widow, who is one of the executors of the last will and testament of the deceased, should account for the bond and mortgage, at least to the amount of their claim. To this she objected, and by her counsel claimed that this court had no jurisdiction to adjudicate upon the question, because she did not receive the bond and mortgage as executrix, and that the Surrogate had no power to try the question of fraud, which it was insisted necessarily arose in the case.

H. A. WADSWORTH, *in person and as executor.*

CHAS. H. WINFIELD, *for* MRS. ADAMS, *widow.*

D. F. GEDNEY, *special guardian, for minors.*

B. R. CHAMPION, *for creditors.*

THE SURROGATE.—There is no doubt that Surrogate Courts have jurisdiction and power to adjudicate upon all questions arising from acts committed by executors, administrators, or guardians, as such. But the transfer of this bond and mortgage, being an act done before she was executrix, and by the testator, in his lifetime, raises a different and more difficult question.

Creditors and others interested in the estates of deceased persons, have a right to appear and be heard on the settlement of the accounts of executors and administrators, before the Surrogate, and they may show that the executor or administrator has failed to account for all the property of the deceased ; and it is the duty

of this court to compel them to account for all the property of the deceased, which the law requires them to take charge of and to account for.

On behalf of the creditors of the testator, was this bond and mortgage the property of the wife or of Mr. Adams, after its transfer and before his death? His death intervening, I do not think changes the character of the transaction. Clearly it was his. The law will not tolerate such acts of an insolvent debtor. The person to whom the transfer is made, will be trustee for the creditors.

Mrs. Adams being such trustee, and also executrix, and this court having obtained jurisdiction of the subject matter, and of the person of the executrix, has it not the power, and is it not its duty, to compel her to account for the bond and mortgage, or so much thereof as will satisfy the claims of the creditors?

A man cannot give his property to his wife or other persons, to the exclusion of creditors existing at the time of the gift. (2 *Rev. Stat.*, 140, § 1.)

The law declares the act of Mr. Adams fraudulent only so far as creditors are concerned; and if these creditors should bring an action in the Supreme Court, against Mrs. Adams, to account for the bond and mortgage, there would be no answer to their action. A bare statement of the facts would entitle the creditors to a judgment. I see no reason why this court cannot determine this question. The only parties interested are in court, and no question of fraud is to be determined as a question of fact. The law determines the question of fraud upon the facts; and I have only to declare the law applicable to the case.

Of course I must determine from the evidence the character of the transaction, and will receive evidence upon the matter if offered.

Decree accordingly.