JOSEPH S. STEBBINS *vs.* ELIJAH BROWN.

In an action upon an account for board and lodging, it is not competent to meet evidence on the part of the defendant tending to show an express agreement that absences should be deducted from the charges for board, by proof that it is the custom of hotels not to allow such deductions. The claim of the defendant, as well as his right to the deduction, standing upon the alleged agreement, such agreement, if made, can neither be disposed of, nor altered by proof of custom.

APPEAL, by the defendant, from a judgment entered upon the report of a referee. The action was brought to recover the amount of a bill for board, lodging, washing &c.

*Mr. Calvin*, for the appellant.

*Mr. Chatfield*, for the respondent.

*By the Court*, DAVIS, J. The report of the referee having been set aside, for irregularity, on the motion heard concurrently with this appeal, it is only necessary to dispose of the appeal from the judgment, for the purpose of clearing the records of the court.

There were several fatal errors in the admission and rejection of evidence, during the progress of the trial. It was not competent to meet the defendant's evidence tending to show an express agreement that absences should be deducted from the charges for board, by proof that it is the custom of hotels not to allow such deductions. The claim of the defendant, as well as his right to the deduction, stood upon the alleged express agreement; and such agreement, if made, could neither be disposed of nor altered by the proof of custom.

The defendant was at liberty to show why the note of Coolbaugh, for charges and expenses in the proceedings against him, was taken in the defendant's name instead of the plaintiffs. The defendant claimed the account

Guardian Savings Institution *v.* Bowling Green Savings Bank.

for those services, which he sought to offset in this suit, was still owing to him by the plaintiff; while the plaintiff claimed it had been settled and paid by the note of Coolbaugh, which was made payable to the defendant. There was nothing in the proof offered that tended to contradict the written instrument. Upon its face it appeared to be payable to the defendant, who was the plaintiff's attorney in the proceedings against Coolbaugh, and it was clearly competent to explain that circumstance by showing that it was so made for convenience, and not because it was to be the property of the attorney, and received by him in payment for services rendered in that case. The offered evidence should have been received and considered by the referee in connection with the other evidence bearing on the question whether the account sought to be set off had been paid.

There were other errors, but these are sufficient to require a new trial.

The judgment must be reversed, and a new trial ordered, with costs to abide the event.

[FIRST DEPARTMENT, GENERAL TERM, at New York, March 3, 1873. *Ingraham* and *Davis*, Justices.]