### MAYOR, ETC., OF THE CITY OF NEW YORK *v.* TRADESMEN'S NAT. BANK OF THE CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.* May 5, 1890.)

1. MUNICIPAL CORPORATIONS—DEPOSIT OF CITY FUNDS—INTEREST.

> Laws N. Y. 1866, c. 623, an act to regulate the deposit by the chamberlain of New York city and county money, provides that the banks in which the money is deposited shall proportionately pay the rent of the office of chamberlain, and the salaries of his clerks and deputy, but says nothing as to the matter of interest. Prior to May, 1873, deposits were made by the chamberlain with defendant bank. In an action by the city to recover interest on such deposits, the chamberlain, as a witness for plaintiff, testified that an agreement was made by which defendant was to pay towards the expenses of the chamberlain's office the proportion chargeable to the amount of its deposits according to above statute; but there was no evidence of an acknowledgment by defendant, in any form, of an obligation to pay interest on the deposits. *Held,* that there was no proof of an agreement to pay interest, and that in the absence thereof defendant could not be held liable.

2. SAME—EVIDENCE.

> Proof that other depositary banks paid interest on moneys deposited in like manner with them had no tendency to prove defendant had in any manner become bound to make that payment; nor was it of any weight as proof of a custom, as the agreement under which defendant received the deposits was specific, including other terms, and constructively excluding the obligation to pay interest.

Appeal from circuit court, New York county.

Action by the Mayor, etc., of the city of New York against the Tradesmen's National Bank of the city of New York. From a judgment for defendant, plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Simon Sterne* and *John H. Strahan,* for appellant. *Thomas Allison,* for respondent.

DANIELS, J. This action was brought upon an alleged agreement for the payment, by the defendant, of interest, at the rate of 4 per cent., on the deposits made with it of moneys by the chamberlain of the city of New York. The deposits extended from the 1st of June, 1872, to the 4th of June, 1873; but no interest was at any time paid upon them beyond that accruing at the rate of 4 per cent. for the deposits in the bank during the month of May, and the four days of June, 1873. And interest upon those deposits was found by the court to have been paid in consequence of the enactment of chapter 335 of the Laws of 1873. Section 35 of that act required that 4 per cent. interest should be paid on the moneys deposited by the chamberlain with the banks; and it is probable, as no other reason was given for the payment of these installments of interest, that they were paid in compliance with this section of the act. But as to the deposits made prior to the month of May, 1873, no agreement was proved binding the defendant to pay interest upon them; neither were any facts presented by the evidence from which that agreement could be inferred to have been made. In this respect the case differs very radically from that of the same plaintiff against the National Broadway Bank, (10 N. Y. Supp. 555,) where the evidence was abundant to support the fact that such an agreement had been made, and the deposits were received in compliance with its terms. On the trial of this action, Francis A. Palmer, who was the chamberlain of the city at the time these deposits were commenced with the defendant, was sworn and examined as a witness on behalf of the plaintiff; and he was interrogated as to the terms upon which the deposits were made with the defendant. And his testimony was that an agreement was made by which the defendant was to pay towards the expenses of the chamberlain's office the proportion chargeable to the amount of its deposits according to chapter 623 of the Laws of 1866, and that this was all that the defendant was either required to pay, or did in fact pay, on account of these deposits, up to the month of May, 1873. And there was no evidence in the case in any manner contradicting the testimony of this witness. Certain action was taken by the directors of the defendant, upon a letter written to the bank by the comptroller, requiring a statement of the amount of interest upon the deposits, and the addition of that amount to the accounts of the city and county with the bank. But that resulted in no acknowledgment of any obligation on the part of the bank to pay the interest mentioned in the communication from the comptroller. The reply, on the contrary, stated that no amount for accrued interest on deposit of the public moneys was shown by the directors of the bank standing to the credit of the city and county, or to the credit of the chamberlain or county treasurer; and it was added, in the resolution of the directors adopted in December, 1872, that the bank had been selected as a depository of the moneys, without any express understanding in relation to the payment of interest, and withholding further information on the subject. And no acknowledgment was made of any indebtedness whatever to the chamberlain or to the city, in any form of an obligation to pay interest upon these deposits, but the case was left substantially dependent on the testimony which Mr. Palmer gave, as one of the plaintiff's witnesses.

Proof was given that other depository banks paid interest at the rate of 4 per cent. on the moneys deposited in like manner with them; but it is to be presumed, from what was made to appear, that these payments resulted from agreements to that effect with the banks. And the fact that they paid 4 per

cent. interest, under like circumstances, had no tendency to prove that the defendant had entered into a similar agreement, or had in any manner become bound to make that payment. It could not be presumed from the fact that other banks made the payments that the defendant had incurred a like liability. Neither was the evidence of any weight or effect against the defendant as proof of a custom, for such proof could have no control over a transaction resulting, as this did, from a specific agreement, including other terms, and constructively excluding the obligation to pay interest upon the deposits. Where an agreement of a fixed and definite character has been made, as the chamberlain in his testimony stated to have been the fact in this instance, there the rights of the parties are to be determined and defined wholly by the agreement, and they cannot be enlarged or diminished by proof of custom or usage in similar dealings with other parties or other institutions. *Stebbins* v. *Brown*, 65 Barb. 274; *Bank* v. *Logan*, 74 N. Y. 568, 586.

The questions arising upon the trial were very fully considered by the justice presiding; and nothing further needs to be added for the disposition of this case to the consideration of the points presented in it by the opinion then delivered. The conclusion arrived at by the court was fully warranted by the evidence, and, in fact, no other could have been reached, as the testimony was left at the close of the trial. The judgment should be affirmed.

All concur.