Matter of the Estate of DAVID W. CROMWELL, Deceased.

(Surrogate's Court, New York County, February, 1918.)

Deposit — by tenant as partial security — contracts — interest.

> In the absence of special agreement a deposit by a tenant as partial security for the payment of rent does not carry interest.

PROCEEDING upon the accounting of an executor.

Lyon & Smith, for executor.

Cornelius J. Earley, for Dennis Buckley.

FOWLER, S.    Upon the accounting of the executor a claim against the estate of the testator comes before the surrogate for determination.    The claimant was the lessee of premises owned by the testator during his lifetime.    The lease was entered into on the 5th day of August, 1910, and was for the term of five years. Indorsed on the back of the lease is a deposit agreement dated the same day, which reads as follows: " Received from Dennis Buckley, party of the second part, of within lease the sum of three hundred and seventy-five dollars ($375) deposited with David W. Cromwell, party of the first part, of the within lease as partial security for the prompt payment of the rent and the prompt and full compliance of all the clauses and conditions of the within lease to be performed by the said tenant, and in which event the said deposit is to be returned to the said tenant, party of the second part, at the expiration of the within term; but in case said tenant does not promptly pay the rent and does not promptly and fully comply with all the clauses and conditions of the within lease, then, and in that event,

the said deposit shall be forfeited to the said party of the first part as partial damages, and who, it is further understood and agreed, has the right and privilege of dispossessing said tenant for such noncompliance of the within lease and suing for any additional damages sustained.'' The deposit was subsequently used by the lessor to make up the last three months' rent due under the lease, the lessee having defaulted in payment. Dennis Buckley filed a claim with the executor for interest amounting to the sum of $106.87 on the deposit of $375 so made by him, which, as noted above, was rejected by the executor. It is well settled that in the absence of a special agreement to pay interest on a deposit none is chargeable thereon. *Boughton* v. *Flint*, 74 N. Y. 476; *City of New York* v. *Tradesmens Nat. Bank*, 11 N. Y. Supp. 95; affd.; 129 N. Y. 643. Consequently the claimant is not entitled to interest on his deposit, and the claim must be disallowed.

Decreed accordingly.