JAMES H. HAMILTON et al., Respondents *v.* ELIZA H DOUGLAS, Appellant.

The defendant, a married woman, had been in partnership with H., owning half the stock in trade, and half the real estate occupied for the purposes of the business, which was carried on in the name of H. and herself, her husband acting as her agent. Defendant bought out her partner, and, with her knowledge, the business was subsequently carried on by the husband in his own name, without any control or interference by her; he taking possession of the assets of the firm, and using them in the business for his own benefit, until he failed, when he assigned the personal property for the benefit of creditors, without any claim thereto on the part of defendant.

*Held,* that the dissolution of the partnership was a revocation of the husband's agency, and her knowledge of the manner of conducting the business thereafter implied an assent, and would preclude her from deriving any benefit therefrom; and that a finding of the referee, that the business was defendant's, conducted by the husband as her agent, could not be sustained, either as a finding of fact or conclusion of law. Also, *held,* that necessary expenditures upon the real estate, not exceeding the amount of personal property received from the wife, were properly made, and for any excess, if claimed, the proper remedy was by creditor's bill for an accounting.

(Submitted June 22, 1871 ; decided September 5, 1871.)

APPEAL from judgment of the late General Term of the eighth judicial district, affirming a judgment entered in Niagara county in favor of plaintiff upon report of a referee.

On the 12th day of August, 1862, one Francis Hitchins was seized in fee of certain real estate, situate in the city of Lockport, with a glass factory thereon, and therein carried on the business of manufacturing and vending glassware. He conveyed to the defendant, Eliza H. Douglas, a married

woman, residing with her husband, William W. Douglas, at said city, in fee, one equal undivided half of the real estate, and one equal undivided half of the stock and materials on hand. And the said Hitchins and the defendant, by written articles of copartnership, then and there made, agreed thenceforth to carry on the said business as equal copartners, under the name, style and firm of "Hitchins & Douglas," and did so carry on the same until the 27th day of March, 1865; the husband of the defendant acting in her place and stead as her agent. On said last mentioned day, Hitchins conveyed his remaining undivided half of said real estate to the defendant, in fee, and, with the defendant, made and executed an agreement in writing, in and by which he sold and transferred to her, all his right and interest in and to all the personal assets and effects belonging to the copartnership, and in and by which she assumed and agreed to pay, as they should become due, all debts owing by the firm. From and after this last sale and transfer by Hitchins to the defendant, the business was carried on in the name of "W. W. Douglas," defendant's husband, he having the charge and management thereof, until the 31st day of January, 1866, when the same was suspended. While the business was so carried on, the plaintiffs, being merchants in the city of Lockport, accepted and paid in goods, drafts or orders, drawn in the name of "W. W. Douglas," on them. The drafts amounted, at the time of the commencement of this action, to the sum of $976.75.

This action was brought to recover the amount of said drafts.

The referee found, that the business of the glass factory during the time aforesaid, although conducted by the said husband of the defendant as aforesaid, was the business of the defendant, and was so conducted by him as her agent, and directed judgment in favor of plaintiff for $1,186.21 and costs.

*Murray & Greene*, for appellant. That no agency existed after dissolution of firm. (2 Kent Com., 611.)

*Ely & Crowley*, for respondents. That the court is bound by the facts as found by referee. (*Marco* v. *Liverpool and London Insurance Co.*, 35 N. Y., 664; *Doty and another* v. *Carolus*, 31 N. Y., 547; *Metcalf and Bull* v. *Mattisons*, 32 N. Y., 464.) There was no error in the reception of evidence. (*Porter* v. *Ruckman*, 38 N. Y., 210; *Morehouse* v. *Matthews*, 2 Coms., 514.)

CHURCH, C. J. The referee found that the business of the glass factory was, in fact, the business of the defendant, and was conducted by the husband as her agent. An examination of the evidence impressed my mind with a contrary conclusion. There is very little conflict of evidence, and the case must be determined, from the inference which ought to be drawn from conceded facts. Up to the period of the last sale of one-half of the property to the defendant, she was confessedly the owner of one-half the real estate purchased for her by her father, and the business was carried on in her name, and that of the owner of the other half of the real estate. When the purchase was made from the copartner of his half of the property and business, the whole belonged to her; but the business was then changed from her name to that of her husband, and he carried it on in his own name, without any control or interference from the defendant, and held out to the world that the business was his, and conducted for his benefit. It is true that he took possession of the personal property of his wife, which, together with the debts due the concern, he used in the business; but no one except the defendant could complain legally of this appropriation of her property. With her consent it was competent for the husband, to appropriate the assets and assume the liabilities of the late firm, and continue the business in his own name and for his own benefit. Neither existing nor future creditors could question this arrangement, because he received a considerable amount more than he assumed, and there was no deception in the manner of conducting the business.

The plaintiff in this action supposed, that the business was

carried on by the husband on his own account, and credit was given to him personally; and when the husband failed all the personal property, stock, and materials belonging to the business, were assigned by her husband for the benefit of his creditors and passed to the assignee, without any claim on the part of the wife. The circumstance, that the husband made some expenditures upon the real estate, is not inconsistent with the fact that the business was conducted for his benefit. The expenditures were deemed necessary for the benefit of the business, and his creditors could only complain of them, if they exceeded in amount the value of the personal estate received from his wife after paying existing liabilities. If he received $5,000 from his wife, and only expended that amount upon her property, the rights of the creditors were not affected in any degree; and if he expended a greater amount, so as to give the creditors an equitable right to the excess, the proper remedy was by creditors' bill for an accounting.

This as it appears to me, was the real nature of the transaction; and the only embarrassment I have in deciding the case in accordance with these views, arises from the conclusive character of findings of fact by a referee or jury upon this court. The rule is, that if there is any evidence to sustain the finding, this court cannot interfere with it, although we might arrive at a different conclusion.

The referee, in the first place, finds that the husband carried on the business in his own name, as though it was his own, with the knowledge of his wife, but without any agreement or contract with her or with any one authorized to act for her; and then finds that the business was, in fact, the defendant's, and conducted by the husband as her agent. I infer that the learned referee intended by these two findings to hold, that because there was no agreement by the wife, or any one in her behalf, that the husband should conduct the business as his own, therefore, as she owned the business at the time and had not agreed to any change, it remained, in fact, her business, and the husband must be deemed her agent.

This conclusion is not legitimate. The *onus* was upon the plaintiff. When the last purchase was made, the right of the husband to act as agent ceased. That was an agency for the old firm, and the dissolution of the firm was a revocation of the agency. If the husband had, in fact, continued to act as agent, the consent of the wife would have been presumed; but he confessedly did business for himself, and there is no conflict of evidence upon this point. When the husband changed the mode of doing business, by substituting his own for his wife's name, and bought and sold upon his own credit, and in all respects conducted the business as his own, her knowledge of all these facts implied an assent on her part, that her husband should thus conduct the business, and would preclude her from afterward claiming any benefit from it.

We must bear in mind the relation of the parties. Formerly the husband had the legal right, to take possession of the personal estate of his wife, and appropriate it to his own use. There is no law to prevent his doing so now, with her consent, express or implied.

If this had been a contract, between the creditors of the husband and the defendant, for the property assigned, plaintiff would have succeeded upon the ground, that the defendant consented to the mode of doing business by the husband, in holding himself out as the principal, and procuring credit as such; but there is an inconsistency in securing a title to the property by a transfer from the husband, and then holding the wife liable, personally, for the debts as principal. I do not think the finding of the learned referee can be sustained, either as a finding of fact or conclusion of law.

A new trial may develop a different state of facts. The judgment must be reversed and a new trial ordered.

ALLEN, GROVER, and FOLGER, JJ., concur.

RAPALLO, J., dissents.   Judgment reversed.