GORMLY v. SMITH et al.

(Supreme Court, Equity Term, Monroe County.　June, 1909.)

HUSBAND AND WIFE (§ 43*)—PURCHASE OF PARTNERSHIP INTEREST WITH WIFE'S
MONEY—RIGHTS OF WIFE.

Where a husband, as agent for his wife, with her knowledge and consent invested her money in his own name in a partnership, which action was inconsistent with an intent to preserve the money as a separate fund, the wife could not, after the husband had carried on the partnership business for many years successfully and accumulated therein profits many times the capital invested, claim from his estate all his interest as her own, but was entitled only to recover the amount of her money so invested.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 226; Dec. Dig. § 43.*]

Action by Louise A. Gormly against William H. Smith and others to procure an adjudication that the entire share of the capital of the copartnership of Smith, Beir & Gormly, standing in the name of William R. Gormly at the time of his death, is the property of the plaintiff, his widow.　Complaint dismissed.

Edwin A. Nash, for plaintiff.

Satterlee, Taylor, French & Goodwin, for defendants Smith & Beir.

Sproull, Harmer & Sproull (Walter S. Hubbell, of counsel), for defendant Sproull.

FOOTE, J.　William R. Gormly, prior to his death, was a member of the firm of Smith, Beir & Gormly, jobbers in dry goods.　The book value of his interest in the firm at the time of his death in February, 1908, was about $87,000.　This firm had existed since the 1st day of January, 1892.　At the time of its formation Gormly contributed in the form of merchandise $8,863.48.　This he derived from his share in a former copartnership of S. J. Arnold & Co., then dissolved.　Into the latter firm Gormly had put $9,000 of the moneys of the plaintiff, his wife, with her knowledge and consent, and this money represented all the capital which Gormly had invested in the firm of S. J. Arnold & Co.　July 13, 1896, Gormly contributed the further sum of $10,000 to the capital of Smith, Beir & Gormly.　This was also money of the plaintiff, and he made that use of it with her knowledge and consent.　Thus the total capital contributed by Gormly to Smith, Beir & Gormly was $18,863.46.　By the terms of the copartnership agreement each partner received 6 per cent. interest upon the capital he contributed and one-third of the profits, and each agreed to and did devote his time to the business.　Mr. Gormly died suddenly, intestate, leaving the plaintiff, his widow, and the defendants Adair and Sproull, his sisters, as his only heirs at law and next of kin, and leaving no other property, except his interest in the firm of Smith, Beir & Gormly, and about $600 in his bank account.

Under the statute in distributions, one-half of the personal property of which he died possessed goes to the plaintiff, his widow, and $2,000 in addition, and the rest to his sisters.　The plaintiff now con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tends that she is entitled to be adjudged the owner of the interest in Smith, Beir & Gormly, which stood in his name, by reason of the fact that the capital which he invested in that business belonged to her. The evidence by which the plaintiff seeks to support this claim is that on March 20, 1887, the executor of the estate of plaintiff's mother delivered to plaintiff's husband, Mr. Gormly, with her knowledge and consent, $11,800 in bonds and mortgages and town bonds, being the share or part of the share of the plaintiff in her mother's estate, and that Mr. Gormly shortly thereafter converted these securities into money and put $9,000 thereof into the firm of S. J. Arnold & Co. as a part of his contribution as a partner to the capital of that firm. This was done with the knowledge of plaintiff, and at that time the capital which Gormly had previously invested in S. J. Arnold & Co. had become exhausted and he had no other property of his own. No evidence is given as to what, if anything, was said between Mr. Gormly and the plaintiff in reference to his putting plaintiff's money into the business of S. J. Arnold & Co.; but it is not claimed by the plaintiff that in so doing Gormly committed any wrong or was guilty of any breach of duty to the plaintiff.

As to the $10,000 contributed on July 13, 1896, by Gormly to the capital of Smith, Beir & Gormly, it appears that plaintiff shortly before that date received by inheritance from her grandfather's estate an amount larger than that sum, and that it was deposited in bank to a joint account of the plaintiff and her brother-in-law, the defendant William H. Smith; the son of the defendant Smith, for whom he was guardian, having an equal interest with the plaintiff in the grandfather's estate. This estate owned considerable real estate, from which rents were derived, which were deposited to this account, and the joint account existed for a long period, and both the defendant Smith and the plaintiff, through her husband, were accustomed to draw checks against this account. Mr. Gormly drew a check upon this account for $10,000, to which he signed the name of the plaintiff, by himself as attorney, and delivered this check to Smith, Beir & Gormly, where it was passed to the credit of his capital account. The plaintiff was informed of this, and, so far as appears, approved it. But, again, it does not appear what conversation, if any, took place between Gormly and the plaintiff on the subject; the plaintiff, of course, being prohibited by law from testifying as a witness to such conversations for the purpose of establishing any claim of hers hostile to his estate.

It appears that Gormly acted as agent for his wife in the transaction of the business with reference to her estate, which was a considerable one, derived wholly from her parents and grandparents; but it does not appear that he made any personal use of her other moneys, except for ordinary family and traveling expenses for himself and wife. He held a written power of attorney from her, made on the 12th day of October, 1895, authorizing him to execute in her name any instruments relating to her real estate, wherever situate. Mr. Gormly made statements from time to time to his partners that the moneys which he had put into S. J. Arnold & Co. and Smith, Beir & Gormly belonged to his wife and to one of his partners, that he had no money, that his wife put the money in the firm for him, and that every-

thing he had in the firm belonged to her. Shortly after the death of Mr. Gormly plaintiff stated to the son of the defendant Sproull and one of her attorneys in this action, in substance, that she loaned all that money to her husband, about $16,000, and that she had not a note, or a scrap of paper, or anything to show for it; but plaintiff contends that this statement was not an admission of a fact, but of her understanding of the legal effect of the facts, and so not important.

Under the circumstances, has the plaintiff made a case entitling her to the relief demanded in her complaint? Whether a case is made entitling plaintiff to a legal claim against the estate of her husband for the amount of money he received, or that amount and interest thereon (for it does not appear that she was ever paid any interest), or whether any statute of limitations would stand in the way of such a recovery, cannot now be determined; for that is not the relief sought by this action, and the defendants have had no opportunity to present such defenses as they might wish to present if the action were in that form. The sole question here is: Do the facts proved entitle the plaintiff to an adjudication that she is the legal or equitable owner of the interest in the firm of Smith, Beir & Gormly standing in the name of her husband?

It is apparent that by far the larger part of that interest represents Mr. Gormly's share of the profits of the firm, produced not only by the capital invested, but by the labor and skill of the partners. The authorities principally relied upon by the plaintiff are Matter of Frazer, 92 N. Y. 239; Boughton v Flint, 74 N. Y. 476; Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827; Newton v. Porter, 69 N. Y. 133, 25 Am. Rep. 152.

The Frazer Case arose upon a final accounting of executors before the surrogate. The executors had allowed and paid a claim of the widow arising from the fact that she had given her husband, the testator, $380 to loan for her in 1869. He loaned it to one McPherson, taking a note payable to his wife in one year, with interest. At the end of the year, McPherson desiring to borrow more money, the husband advanced him enough, with the amount of the note, to amount to $2,000, and took from McPherson his bond and mortgage which ran to the husband, surrendering the note. The contestants of the executors' account objected to this item paid to the widow on the ground of the statute of limitations. There was no evidence as to whether the wife consented to surrendering her note, or whether she knew it; but the court held that the burden was upon the contestants to prove their case in order to make the executors liable for an improper payment. The court, per Finch, J., say:

"Whether this was done with the knowledge and assent of the wife we do not certainly know; but, assuming that it was, unless she loaned him the money, which is not shown, he held the mortgage to the extent of her money in it as her agent or trustee. If she so assented, which is most probable, she became in equity the owner of a proportionate part of the mortgage, but was not entitled to receive the money until it was paid, and could maintain no action until her right was in some way denied."

In that case the burden was upon the contestants. In this case the burden is upon the plaintiff. If Gormly had received the money of

his wife to invest in securities, with interest, and had taken such security in his own name as agent for his wife, with her knowledge and consent, the Frazer Case would support her claim to be entitled to recover that security, with any interest which it had earned.

The case of Boughton v. Flint arose also upon final accounting of an executor. The contestants there objected to an item of $800 which the executrix had allowed to herself under the following circumstances: The sum was the proceeds of certain notes and a bond and mortgage which had been taken for the purchase money on the sale of real estate belonging to her. The bond and mortgage had been taken by the testator, her husband, in his own name; but all the money had been collected by the testator in his lifetime, and he recognized the right of his wife to the fund. After it had been received by him, he offered to pay it over to her, and she requested him to keep it for her until she should call for it, to which he assented. It was urged by the contestants that this created an indebtedness simply from him to his wife, which was barred by the statute of limitations; but the court held that the transaction amounted to a simple deposit, upon which the statute would not begin to run until a demand and refusal; that the money was not loaned to the testator at his request, but was being kept by him for his wife at her request.

In the case of Edwards v. Dooley, the agent, in violation of his duty, without the knowledge of his principal, invested the moneys of his principal in the purchase of hides, which he undertook to transfer to his bankers as security for an indebtedness to another firm in which he was interested. The bankers had notice of his agency, and it was held that the principal was entitled to recover the hides from the bankers. The case seems to have no application here.

Newton v. Porter is a case where the owner of negotiable securities which had been stolen from him was allowed to follow the proceeds of the securities into the hands of an assignee of the felonious taker with notice. It was there said that the law would raise a trust in invitum, in order that the substituted property may be subjected for the purposes of indemnity and recompense. If there was any charge that Mr. Gormly had been guilty of any wrong or breach of trust, this authority might afford some support to the plaintiff's case.

Plaintiff also relies upon Hollembaek v. More, 44 N. Y. Super. Ct. 107. In that case plaintiff sought to reach and recover a partnership interest in a hotel and the business there conducted on the ground that the moneys invested in the purchase of the same by one of the partners were trust funds misappropriated by a partner and former trustee without the knowledge or consent of his cestui que trust. Among the defenses pleaded by the other copartners were two by which these partners claimed to reduce the share of the partner whose interest plaintiff sought to recover on account of damages they had sustained by his fraud and false representations in inducing them to enter into the copartnership. These two defenses were demurred to by plaintiff, and the report of the case is on appeal from an order overruling this demurrer. This order was sustained upon the appeal; it being held that the equities of the copartners of the trustee, who dealt with him as the absolute owner of the property contributed by him to the co-

partnership without knowledge of the trust relations in regard to the same, were paramount to those of the cestui que trust in regard to such property, and hence that the defendants' pleading was good.

I am inclined to think that these authorities do not afford a basis for holding that where a husband, who has acted as agent for his wife, takes some of her money with her knowledge and consent and invests it in his own name in a partnership, at the risk of a mercantile business, where the profits and losses depend to a considerable extent upon the skill and labor of the partners, she may, after the husband has carried on the partnership business for many years successfully and accumulated therein profits many times the capital invested, claim all of his interest as her own, either from him in his lifetime or from his estate. If Gormly had received his wife's money for investment at interest or in securities, or in any way which contemplated its preservation as a separate fund, the case would be different and would then, I think, fall within the authorities cited; but here the very use for which Gormly took his wife's money with her knowledge and consent was inconsistent with its preservation as a separate fund and involved putting it to the risk of a commercial business, and it cannot be held that the plaintiff expected or intended that she should acquire any right to or interest in the copartnership business.

Within the principles decided in Adams v. Olin, 140 N. Y. 150, 35 N. E. 448, and Hamilton v. Douglas, 46 N. Y. 218, I think the facts proved by the plaintiff in this case establish her right to treat her husband's estate as indebted to her for the amount of her money invested by him in his partnership business, and that the relation of debtor and creditor exists in respect to it, and that only, and that the plaintiff is not entitled to recover in accordance with the prayer of her complaint.

In this view, if there are other issues to be tried presented by the defendant's answers, as to which reservation was made at the trial, that trial may now proceed. Otherwise, findings may be prepared in accordance with this opinion, dismissing the plaintiff's complaint, with costs, which will be settled on notice.